**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4278**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN ANDRE ALSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge. (5:06-cr-00200-D)

Submitted: October 31, 2007        Decided: January 29, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Andre Alston pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 120 months imprisonment. Alston appeals his sentence, arguing that the district court erred in applying the cross reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(A) (2006). He maintains that (1) the cross reference does not apply to completed crimes; (2) application of the cross reference in his case violates his Fifth and Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), and (3) application of the cross reference in his case constitutes an unconstitutional delegation of executive and Congressional power. Although Alston contested the application of the cross reference in the district court, he did not contest it on the first and last grounds he raises here. We therefore review these issues for plain error, United States v. Olano, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings). We conclude that he has not identified any reversible error, and affirm.

In the presentence report, the probation officer recommended that Alston's offense level be calculated pursuant to § 2K2.1(c)(1)(A) cross referenced to USSG § 2X1.1, which increased

- 2 -

his offense level under USSG § 2D1.1 for possession of a firearm in connection with drug trafficking. At his sentencing hearing, Alston objected unsuccessfully to application of the cross reference and consideration of information provided by the confidential informant on the grounds that these facts were not charged in the indictment or proved beyond a reasonable doubt.[*]

On appeal, Alston first contends that the cross reference was wrongly applied because the district court found that he had committed a completed offense (drug trafficking) and, therefore, § 2X1.1 could not apply because it addresses conspiracies, attempts, and solicitations. He relies on dicta in United States v. Bellamy, 264 F.3d 448 (4th Cir. 2001), which is inapposite. We conclude the district court did not plainly err in applying § 2K2.1(c)(1)(A).

Alston's contention of Fifth and Sixth Amendment error under Apprendi and Booker is also unavailing. After Booker, the sentencing court still must calculate the applicable guideline range after making the appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Alston argues that his case is an exception, but provides no convincing support for his position. Nor did the court err by using the preponderance of the evidence standard of proof.

---

[*]In this appeal, Alston does not contest the district court's factual finding that he possessed a firearm in connection with drug trafficking.

See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that, after Booker, judges will continue to make decisions about sentencing factors by preponderance of evidence without violating Sixth Amendment), cert. denied, 127 S. Ct. 121 (2006).

Last, Alston maintains that application of the cross reference in his case unconstitutionally transferred executive and Congressional powers to the judiciary. This claim is contrary to the Supreme Court's holdings in Mistretta v. United States, 488 U.S. 361, 412 (1989), that "in creating the Sentencing Commission . . . Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches." See also Booker, 543 U.S. at 243 ("Nothing in our holding today is inconsistent with our decision in Mistretta.").

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED